UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME EUGENE TODD,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CASE NO. C11-0470JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

This matter is before the Court on *pro se* Petitioner Jerome Eugene Todd's objections to the Report and Recommendation of the Honorable Mary Alice Theiler, (Dkt. # 57) which recommended that the court (1) deny Petitioner's pending motion to set aside the court's judgment (Dkt. No. 48) and (2) refer the motion to the Ninth Circuit Court of Appeals for consideration as a construed second or successive habeas petition. The court, having carefully considered the Petitioner's motion (Dkt. # 48), the Report and Recommendation (Dkt. # 57), Petitioner's objections thereto (Dkt. # 60), the governing

ORDER- 1

authorities, and the balance of the record, hereby ADOPTS the Report and Recommendation for the reasons explained below.

## II. BACKGROUND

On March 16, 2011, Petitioner filed his original habeas corpus petition under 28 U.S.C. § 2255. (Dkt. # 1.) The matter was referred to Magistrate Judge Mary Alice Theiler who recommended dismissal of Petitioner's habeas corpus petition. (1st R&R (Dkt. # 43).) The court adopted the recommendation, denied the petition, and entered judgment against Petitioner. (Dkt. ## 45, 46.) On August 30, 2012, the petitioner filed a motion to set aside the judgment for fraud pursuant to Federal Rule of Civil Procedure 60(d). (Mot. (Dkt. # 48).) On September 11, 2012, Petitioner appealed the court's judgment to the Ninth Circuit. (Dkt. # 49.)

On October 4, 2012, Magistrate Judge Theiler issued a report and recommendation recommending that Petitioner's Rule 60(d) motion to set aside the judgment for fraud be denied and referred to the Ninth Circuit for consideration as a construed second or successive habeas petition. (2d R&R (Dkt. # 57).) On October 22, 2012, Petitioner timely filed his objections to the second report and recommendation.[1] (Obj. (Dkt. # 60).)

---

[1] On October 15, 2012, Petitioner filed a document entitled "Constitutional 'Federal Statute' Challenge Pursuant to Fed. R. Civ. P. Rules 5.1(a) & 5.1(b)." (Notice (Dkt. # 59).) Federal Rule of Civil Procedure 5.1(a)(1)(A), in pertinent part, requires a party "drawing into question the constitutionality of a federal . . . statute" to "promptly . . . file a notice of constitutional question stating the questions and identifying the paper that raises it . . . ." Fed. R. Civ. P. 5.1(a)(1). In his habeas petition, Petitioner challenged the constitutionality of the sex trafficking statute, 18 U.S.C. § 1591. (*See* 1st R&R at 10-12.) The court liberally construes Petitioner's October 15, 2012 filing as a notice pursuant to Rule 5.1(a)(1)(A) with respect to his original habeas petition. Petitioner, however, was not required to file this notice because the United States is one of the parties to this lawsuit. *See* Fed. R. Civ. P. 5.1(a)(1)(A).

Although the basis for Petitioner's objection is somewhat difficult to discern, the court liberally interprets his filing as objecting that the Magistrate Judge applied an incorrect legal standard when she consider his motion under Federal Rule of Civil Procedure 60(d).

### III. ANALYSIS

#### A. Standards

A district court must conduct a de novo review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). A party properly objects when he or she files "specific written objections" to the magistrate judge's report as required under Federal Rule of Civil Procedure 72(b)(2). Petitioner has timely filed his objections. Accordingly, the court reviews de novo those portions of the report and recommendation to which Petitioner objects.

Motions from pro se prisoners should be liberally construed. *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). Pro se habeas petitioners are to be given the benefit of any doubt, and a district court may consider arguments raised for the first time in an objection to a magistrate judge's Report and Recommendation. *See Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002).

#### B. Federal Rule of Civil Procedure 60

Petitioner brought his motion to set aside the court's judgment with respect to his habeas proceeding under Federal Rule of Civil Procedure 60(d). (Mot. (Dkt. # 48) at 1, 3.) Petitioner asked the court to set aside the court's previous judgment with respect to his habeas action "as 'INDEPENDENT ACTION' pursuant to Federal Rule of Civil

Procedure Rule 60(d)(3)." (Mot. (Dkt. # 48) at 1; *see also id.* at 3.) Rule 60(b) provides that the court may relieve a party from a final judgment for certain enumerated reasons so long as the motion is made no more than a year after the entry of judgment. *See* Fed. R. Civ. P. 60(b); Fed. R. Civ. P. 60(c)(1). Rule 60(d) provides other powers to grant relief from a judgment, and states in pertinent part:

> This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] . . .
>
> (3) set aside a judgment for fraud on the court

Fed. R. Civ. P. 60(d).

In his objection to the Magistrate Judge's report and recommendation, Petitioner asserts that the report and recommendation was in error because the Magistrate Judge applied the wrong legal standard. (Obj. at 2-5.) Petitioner asserts that the Magistrate Judge applied the legal standard that would have applied had he brought his motion to set aside the judgment in his habeas proceedings under Rule 60(b). Petitioner asserts that Rule 60(d) requires the court to apply a different standard in these circumstances. (*See generally id.*) The court disagrees.

First, the court may adjudicate a Rule 60 motion on the merits where it attacks a "defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S.

ORDER- 4

524, 532 (2005); *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011).[2]  For example, the court may adjudicate a Rule 60 motion that alleges fraud on the federal habeas court.  *Id.* at 532 n.5.  Petitioner's Rule 60 motion, however, does not challenge the integrity of the federal habeas proceeding, but rather challenges his original conviction and sentence.  To the extent he alleges fraud, he does so with respect to the government's superseding indictment in his underlying criminal conviction and sentence.  (*See* Mot. at 2.)  He does not identify any defect in the integrity of the federal habeas proceeding.  (*See id.*)

       Second, the Ninth Circuit has specifically held that a Rule 60(b) motion constitutes a second or successive habeas petition (for which the petitioner must first obtain permission from the court of appeals before filing in the district court) where the motion seeks to present new evidence in support of a claim already litigated, seeks to add a new ground for relief, attacks the court's previous resolution of a claim on the merits, or otherwise challenges the court's determination that there exist or do not exist grounds entitling the petitioner to habeas relief.  *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) (citing *Gonzales v. Crosby*, 545 U.S. 524, 531-34 (2005)).  In other words, "a motion that does not challenge the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably, is raising a claim that takes it outside the purview of Rule 60(b)."  *Id.* (internal quotations omitted).  Although

---

[2] Both *Gonzales* and *Washington* dealt specifically with Rule 60(b) motions.  Although Petitioner's motion was brought pursuant to Rule 60(d) rather than Rule 60(b), the court believes that its citation to these cases is appropriate here as well.

ORDER- 5

Petitioner's motion is brought pursuant to Rule 60(d) rather than Rule 60(b), a number of courts have held that a Rule 60(d) motion that does not challenge the integrity of the habeas proceeding itself also constitutes a second or successive claim for relief under 28 U.S.C. § 2255. *See, e.g., Heffington v. United States*, Nos. CV–F–96–5295 OWW, CR–F–93–5021 OWW, 2009 WL 2043012, at *4 (E.D. Cal. July 13, 2009) (Petitioners' contention that he may bring a motion to reopen his 28 U.S.C. § 2255 proceeding under Rule 60(d) "is without merit").[3] Thus, the Magistrate Judge correctly found that Petitioner's Rule 60(d) motion was a second or successive 28 U.S.C. § 2255 motion for which the court lacked jurisdiction to consider. While Petitioner may disagree with the Magistrate Judge's conclusions, his objection contains no factual basis or discussion of relevant law that casts any doubt as to the Magistrate Judge's sound reasoning.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 57);

---

[3] *See also Best v. United States*, Nos. 2:00–CR–171, 2:08–CV–59, 2010 WL 3782160, at *2 (N.D. Ind. Sept. 22, 2010) (citing *Nugent v. United States*, 255 Fed. App'x. 526, 526–27 (D.C. Cir. 2007) (affirming district court's treatment of Rule 60(d) independent action "that sought to present a new claim for relief from the criminal judgment" as a second and successive application under section 2255, and dismissing same for failure to obtain certificate of appealability); *United States v. Head*, No. 02–75(1) ADM/RLE, 2010 WL 2545857, at *1 (D. Minn. June 21, 2010) (treating motions under both Rule 60(b)(3) and 60(d)(3) as successive habeas motions requiring prior approval from court of appeals); *Heffington v. United States*, Nos. CV–F–96–5295 OWW, CR–F–93–5021 OWW, 2009 WL 2043012, at *4 (E.D. Cal. July 13, 2009) (holding motion under Rule 60(d)(1) to reopen and reconsider the final judgment dismissing section 2255 motion was second and successive claim under section 2255 and dismissing for lack of jurisdiction); *Dorsey v. Florida*, No. 8:08–cv–2380–T–30EAJ, 2008 WL 5110416, at *1–*2 (M. D.Fla. Dec.3, 2008) (construing independent action under Rules 60(d)(1) and (3) as second and successive petition under section 2254)).

1    (2) The court DENIES Petitioner's motion to vacate the judgment (Dkt. # 48);

2    (3) The court DIRECTS the Clerk to TRANSFER the motion (Dkt. # 48) as a

3        construed second or successive habeas petition to the Ninth Circuit Court of

4        Appeals pursuant to Circuit Rule 22-3;

5    (4) The court ADVISES Petitioner that this referral alone does not constitute

6        compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h).  Petitioner must

7        still file a motion for leave to proceed in the Court of Appeals and make the

8        requisite showing;

9    (5) The court DENIES Petitioner the issuance of a certificate of appealability

10       pursuant to 28 U.S.C. § 2253(c)(2); and

11    **(6)** The court DIRECTS the Clerk to send copies of this Order to Petitioner, to

12       counsel for respondent, and to Judge Theiler.

13    Dated this 29th day of October, 2012.

                                                JAMES L. ROBART
                                                United States District Judge